ORIGINAL

# In the United States Court of Federal Claims

FILED

MAR 30 2015

U.S. COURT OF
FEDERAL CLAIMS

No. 15-147
(Filed: March 30, 2015)

|  |  |
|---|---|
| KENNETH E. ROBINSON, | ) |
| *Pro Se* Plaintiff, | ) |
| v. | ) |
| THE UNITED STATES, | ) |
| Defendant. | ) |

**ORDER DISMISSING PLAINTIFF'S COMPLAINT FOR LACK OF JURISDICTION**

Plaintiff Kenneth E. Robinson filed this pro se case to challenge his "illegal conviction" in North Carolina state court.[1] According to plaintiff, after his first trial ended in a mistrial, he was tried for a second time and convicted. Plaintiff alleges that the trial court failed to include the transcript of his first trial in the record for his direct appeal of his conviction, in violation of the Due Process Clause of the Fourteenth Amendment. Plaintiff claims that the "act of the trial court [was] structural error requiring automatic reversal." Compl. 2. For the reasons stated above, the court finds

---

[1] Plaintiff's motion to proceed in forma pauperis is granted for the limited purpose of dismissing the complaint on jurisdictional grounds.

1

that it does not have jurisdiction over plaintiff's collateral challenge to his conviction. Therefore, the court now dismisses the complaint <u>sua sponte</u> under Rule 12(h)(3) of the Rules of the United States Court of Federal Claims.

Before proceeding to the issues presented by Mr. Robinson, the court must first determine whether it possesses jurisdiction over Mr. Robinson's complaint. Whether the court possesses jurisdiction to decide the merits of a case is a threshold matter the court must decide. <u>See</u> <u>PODS, Inc. v. Porta Stor, Inc.</u>, 484 F.3d 1359, 1364 (Fed. Cir. 2007) (citing <u>Steel Co. v. Citizens for a Better Env't</u>, 523 U.S. 83, 94-95 (1998)). Jurisdiction is a threshold matter because a case cannot proceed if a court lacks jurisdiction to hear it. <u>See</u> <u>Arbaugh v. Y & H Corp.</u>, 546 U.S. 500, 514 (2006) ("[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." (citation omitted)).

When considering whether to dismiss a complaint for lack of jurisdiction, a court assumes that "the allegations stated in the complaint are . . . true." <u>Folden v. United States</u>, 379 F.3d 1344, 1354 (Fed. Cir. 2004) (quoting <u>Shearin v. United States</u>, 992 F.2d 1195, 1195-96 (Fed. Cir. 1993)). A <u>pro se</u> plaintiff, such as Mr. Robinson, is entitled to a liberal construction of the pleadings. <u>See, e.g.</u>, <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007). However, a <u>pro se</u> plaintiff "is not excused or exempt from meeting jurisdictional requirements." <u>Johnson v. United States</u>, 469 F. App'x 884, 886 (Fed. Cir. 2012) (citing <u>Henke v. United States</u>, 60 F.3d 795, 799 (Fed. Cir. 1995)). The burden is on Mr. Robinson to establish that this court has jurisdiction to hear his complaint. <u>See</u> <u>M.</u>

Maropakis Carpentry, Inc. v. United States, 609 F.3d 1323, 1327 (Fed. Cir. 2010) (citing Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988)).

Construing Mr. Robinson's claims liberally and taking the facts as alleged as true, Mr. Robinson fails to state a claim over which the Court of Federal Claims has jurisdiction. It is well-settled law that the Court of Federal Claims does not have jurisdiction over due process claims under the Due Process Clauses of the Fourteenth Amendment because that clause is not money mandating. See Allen v. United States, 546 F. App'x 949, 951 (Fed. Cir. 2013) (citing LeBlanc v. United States, 50 F.3d 1025, 1028 (Fed. Cir. 1995)). Because Mr. Robinson alleges only "violations of constitutional rights that lack money mandating provisions," Johnson v. United States, 411 F. App'x 303, 305 (Fed. Cir. 2010), this court lacks jurisdiction.

Therefore, because this court lacks jurisdiction over the allegations in Mr. Robinson's complaint, his claim must be **DISMISSED**.

**IT IS SO ORDERED.**

NANCY B. FIRESTONE
Judge